IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM H. JESKE, and )<br>CLAIRE L. JESKE, )<br>       Plaintiffs, )<br>)<br>v. )<br>)<br>COVENANT TRANSPORT INC., and )<br>STEVEN J. PETRO )<br>       Defendants. ) | CIVIL ACTION NO. 05-430J<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION & ORDER

**GIBSON, J.**

Now before the Court is Plaintiffs' Motion for Sanctions and Enforcement of Settlement (Document No. 19) and Defendants' Response thereto (Document No. 20). The present dispute arises from the settlement agreement the Parties reached regarding Plaintiffs' negligence and consortium claims on October 26, 2006. Defendants received Plaintiffs' executed release on October 31, 2006, but, as of the filing date of the Motion *sub judice*—December 19, 2006, or forty-nine days after receiving the executed release—had still not remitted the funds. Accordingly, Plaintiffs ask that the Court compel payment and award them sanctions under a state rule of civil procedure. Defendants filed a timely opposition on January 8, 2007, averring that the settlement amount had been delivered in the interim and arguing that application of the state procedural rule would be improper in this context. For the reasons set forth below, the Court agrees.

Plaintiffs seek the payment of more than $2,850.00 in interest, sanctions, and attorney fees pursuant to PA. R. CIV. P. No. 229.1(c)-(e), according to which:

> (c) If a plaintiff and a defendant have entered into an agreement of settlement, the defendant shall deliver the settlement funds to the attorney for the plaintiff, or to the

1

>plaintiff if unrepresented, within twenty calendar days from receipt of an executed release.
>(d) If settlement funds are not delivered to the plaintiff within the time required by subdivision (c), the plaintiff may seek to
>>(1) invalidate the agreement of settlement as permitted by law, or
>>(2) impose sanctions on the defendant as provided in subdivision (e) of this rule.
>
>(e) A plaintiff seeking to impose sanctions on the defendant shall file an affidavit with the court attesting to non-payment. The affidavit shall be executed by the plaintiff's attorney and be accompanied by
>>(1) a copy of any document evidencing the terms of the settlement agreement,
>>(2) a copy of the executed release,
>>(3) a copy of a receipt reflecting delivery of the executed release more than twenty days prior to the date of filing of the affidavit,
>>(4) a certification by the attorney of the applicable interest rate,
>>(5) the form of order prescribed by subdivision (h), and
>>(6) a certification by the attorney that the affidavit and accompanying documents have been served on the attorneys for all interested parties.

PA. R.C.P. No 229.1, 42 PA. C.S.A (2006). Plaintiffs note that "there is no parallel provision in the federal rules" but suggest—without elaboration—that application of Rule 229.1 in this federal case is proper. Document No. 19, p. 2.

Federal courts sitting in diversity do not necessarily apply state law as a matter of course. According to the Third Circuit,

>in determining whether a federal court in a diversity case should apply state law under the Rules of Decision Act, the mere labeling of the state law as "substantive" or "procedural" does not advance the analysis. Rather, we must . . . consider[] how the constitutional and policy concerns that motivated the [United States Supreme] Court in *Erie* [*R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938),] and its progeny are implicated by the application or nonapplication of the particular state rule at issue. . . . [T]hese concerns include (1) the effect of application of the state or federal rule on the outcome of the litigation; (2) the likelihood that divergent state and federal rules will result in forum shopping; and (3) the existence of any overriding federal interest in the application of the federal rule.

*Jarvis v. Johnson*, 668 F.2d 740, 743-44 (3d Cir. 1982). In *Jarvis*, the court considered whether to apply in a diversity action Rule 238 of the Pennsylvania Rules of Civil Procedure, which formerly

allowed for prejudgment interest in tort cases. *Id.* at 741. The court held that because of the long delay that often attends trial, the rule could add significant amounts to a plaintiff's recovery. It was therefore outcome determinative and choosing not to enforce it in federal court would encourage the kind of forum shopping that seminal principles of federalism were meant to avoid. *Id.* at 745-46.

This Court would not be the first federal court in Pennsylvania to apply some form of Rule 229.1. In *Goncalves v. Eagle-Picher Industries, Inc.*, No. 83-0999, 1986 U.S. Dist. LEXIS 21443 (E.D. Pa. Aug. 19, 1986), the defendant failed to respond to plaintiff's motion for sanctions under what was then Local Rule 172 of the Philadelphia Court of Common Pleas.[1] The court thus granted the motion without any opposing argument, but did consider *Jarvis* upon defendant's motion for reconsideration:

> While it is admittedly less likely that parties will forum-shop to avoid the sanctions at issue here than they would to avoid sizeable awards of pre-judgment interest, these sanctions do pertain directly to the monetary outcome of the settlement. And there is certainly no federal policy protecting defendants who delay in making good on their settlement agreements.

*Goncalves*, 1986 U.S. Dist. LEXIS 21443, at \*\*2-3. *See also Shepard-Patterson & Assocs. v. Shepard*, No. 95-3669, 1996 U.S. Dist. LEXIS 5327 (E.D. Pa. April 22, 1996) (following *Goncalves* and applying a state local rule identical to PA. R.C.P. 229.1).

With due respect for the tribunals in *Goncalves* and *Shepard-Patterson*, this Court disagrees that Pennsylvania Rule 229.1 should be enforced in federal diversity cases. First, the Court finds that Rule 229.1 is not outcome-determinative because it carries only a slight potential to increase a plaintiff's recovery. "The nub of the policy that underlies *Erie R. Co. v. Tompkins* is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away

---

[1] PA. R.C.P. 229.1 was adopted in 2004. Prior to that, various local rules gave plaintiffs identical rights, including the rule at issue in *Goncalves*. *Goncalves*, 1986 U.S. Dist. LEXIS 21443, at \*1 n.1.

3

should not lead to a *substantially* different result." *Guar. Trust Co. v. York*, 326 U.S. 99, 109, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945) (emphasis added). Extraordinary circumstances must be present before the failure to apply Rule 229.1 could give rise to a "substantially different result." Only a lengthy delay in paying a considerable settlement will significantly add to a plaintiff's recovery. Furthermore, the intercession of private contract law makes it unlikely that whether or not a court enforces Rule 229.1 will have any particular consequences. To the extent that litigants foresee difficulty remitting settlement funds or wish to ensure prompt payment, they remain free to account for as much in the settlement itself. PA. R.C.P. 229.1(b) ("The parties may agree in writing to modify or waive any of the provisions of this rule."). Prejudgment interest is the product of many variables and can remain beyond the control of the litigants. In contrast, interest on delinquent settlement payments is the result of defendants' conduct and the obligations to which parties bind themselves. Because such interest will infrequently entail a substantial amount of money and is always subject to the terms of privately-drafted settlement agreements, the Court cannot conclude that Rule 229.1 is outcome-determinative.

Secondly, the Court's holding will not encourage forum-shopping or work an unfairness on Pennsylvania citizens in favor of noncitizens. Not only can parties privately agree to terms different from those of Rule 229.1, but the amount of potential interest that accrues is removed from plaintiffs' influence; interest on settlement amounts depend on when the defendant makes payment. Because a plaintiff choosing between different fora cannot anticipate the terms of a potential settlement agreement or how a particular defendant will behave under such an agreement, the availability of Rule 229.1 cannot militate for one court system over another.

For these reasons, the Court finds that even in the absence of a particular federal interest, Rule 229.1 is a procedural state law about which federalism concerns are agnostic. It is thus inapplicable to

4

federal diversity suits.[2] An appropriate Order follows.

**AND NOW**, this 25th day of January, 2007, upon consideration of Plaintiffs' Motion for Sanctions and Enforcement of Settlement (Document No. 19) and Defendants' Response thereto (Document No. 20), **IT IS HEREBY ORDERED** that the Motion for Sanctions is **DENIED** and the Motion for Enforcement is **DENIED** as **MOOT**.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

Cc: **All counsel of record**

---

[2] While the Court's holding is firmly based on its analysis under *Jarvis*, it notes that Plaintiffs have completely failed to comply with the requirements set forth in Rule 229.1(e). Denial of the motion could therefore be on procedural grounds as well.